IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:09-CR-00026-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DARAY ROMEZ WALLER, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Daray Romez Waller's motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1), and the First Step Act of 2018. (Doc. No. 54). The Government opposes the motion. (Doc. No. 59). Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I. BACKGROUND

In April 2009, Defendant conspired with others to possess with intent to distribute cocaine in Iredell County within the Western District of North Carolina. (Doc. No. 25, ¶¶ 1, 5-7). On April 23, 2009, officers with the Iredell County Sheriff's Office met with other local, state, and federal agents in reference to a meeting that had been arranged between Defendant and a cooperating witness (CW). *Id.* The CW had arranged to meet Defendant at exit 65 on Interstate 77 to sell Defendant five kilograms of cocaine at $25,000 per kilogram. *Id.* After several recorded telephone conversations between the CW and Defendant, agents observed Defendant travelling in tandem with another vehicle. *Id.* Upon arriving at the predetermined location, Defendant and the other

driver were arrested and a total of $51, 699 was seized from Defendant which would have allowed him to purchase two kilograms of cocaine. *Id.*

Since the instant offense occurred after the Defendant was 18 years of age and he had two prior drug convictions, Defendant was deemed a career offender within the meaning of USSG §4B1.1. *Id.* at 6. On April 14, 2010, Defendant was sentenced to 188 months imprisonment followed by eight years of supervised release. (Doc. No. 34, at 2, 3).

Defendant is a 38-year-old male serving his prison sentence at FCI Petersburg Low in Virginia. His current projected release date is January 8, 2024. Defendant bases his motion on the threat posed by the COVID-19 pandemic. However, he fails to allege any specific medical issues that would substantially diminish his ability to provide self-care within the environment of a correctional facility. (Doc. No. 54, at 5, 25). The Government responded to Defendant's current motion on January 28, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 59).

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.—**The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction
>
> > . . .
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*. Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III.   DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf

or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

The Government does not argue that Defendant's motion should be denied for failure to exhaust his administrative remedies. Because the Government did not raise the issue of exhaustion, the Court deems that it has waived the defense. Accordingly, the Court will proceed to address the merits of Defendant's motion.

B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Since the Defendant has not alleged any medical conditions or ailments, he has no medical basis for a sentence reduction based on "extraordinary and compelling reasons." Moreover, the Defendant's BOP medical records confirm that he tested positive for COVID-19 on August 18, 2020, received daily medical care by medical professionals over the period which he had the virus, and only experienced light flu-like symptoms for several days. (Doc. No. 60). The Defendant cannot rely on the threat of infection as a basis for sentence reduction when he was infected with the virus over five months ago, experienced light symptoms and fully recovered. Courts have repeatedly denied sentence reductions on COVID-19 where the movant has already tested positive for COVID-19 and recovered. *See United States v. Burks,* 2020 WL 4927481, at *3 (W.D.N.C. Aug. 21, 2020) ("defendant is 73 years old and suffers from numerous medical conditions, including heart disease, diabetes, and hypertension"; however, "Defendant cannot now meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and escaped unscathed"); *United States v. Logan,* 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted--and beaten—the virus."); *United States v. Meachem,* 2020 WL 6625714, at *5 (S.D.N.Y. Nov. 11, 2020) ("There is no question that COVID-19 presents an enormous risk to inmates….However, there is no evidence that Meachem suffers from underlying medical conditions that give him a poorer prognosis than others who have been infected with the COVID-19 virus, and his prison medical records show that he is now symptom free.").

According to his BOP medical records, Defendant's medical concerns are all being appropriately managed by the BOP. (Doc. No. 60). Accordingly, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

## IV.    ORDER

For these reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 54), is **DENIED**.

**SO ORDERED.**

Signed: February 2, 2021

Kenneth D. Bell
United States District Judge